UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jose Gamez-Gonzalez, | ) C/A No. 4:14-2668-JMC-TER |
| | ) |
| Plaintiff, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| | ) |
| United States of America, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The Plaintiff, Jose Gamez-Gonzalez, ("Plaintiff"), a federal inmate proceeding *pro se*, brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 ("FTCA") alleging that he has been subjected to medical neglect while an inmate in the Bureau of Prisons. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Having reviewed the Complaint in accordance with applicable law, the court concludes that Plaintiff's claims should be summarily dismissed, as he has not exhausted available administrative remedies prior to filing suit.

**<u>INITIAL REVIEW</u>**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v.*

1

*Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The Federal Tort Claims Act ("FTCA") allows exceptions to the sovereign immunity the United States otherwise enjoys. 28 U.S.C. § 1346. However, Plaintiff cannot proceed under the FTCA, because he indicates that he has not exhausted the administrative remedies required by the Act. See 28 U.S.C. § 1346; 28 U.S.C.A. 2675; *see also Norton v. United States*, 581 F.2d 390, 392–93. The FTCA vests the district courts with:

> exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance

with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

To proceed with a case under the FTCA, Plaintiff must first exhaust his claims with the appropriate administrative agency:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the Federal Tort Claims Act. See 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). Plaintiff failed to specifically allege exhaustion in his Complaint. The assigned magistrate judge ordered Plaintiff to answer a set of Special Interrogatories addressing exhaustion issues in an order dated October 7, 2014. In response, Plaintiff admitted that he had not filed the required documentation with the appropriate agency, nor received a final denial of his administrative claim. (See ECF No. 16).

The administrative exhaustion requirement is jurisdictional and may not be waived. *Kokotis v. United States Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000)*(citing Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986)0; *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980, 124

L.Ed.2d 21 (1993) (upholding dismissal of suit for lack of subject matter jurisdiction when available administrative remedies not exhausted). Therefore, Plaintiff cannot proceed with a FTCA case at this time.

### **RECOMMENDATION**

Accordingly, based on the foregoing, the court recommends that the Plaintiff's case be dismissed without prejudice and without service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

IT IS SO ORDERED.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 14, 2014
Greenville, South Carolina

**Plaintiff's attention is directed to the Notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> 300 East Washington Street — Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).