# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | |
|---|---|
| Jose Gamez-Gonzalez, #71222-079 ) | |
| ) | Civil Action No.: 4:14-cv-02668-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Jose Gamez-Gonzalez ("Plaintiff") filed this *pro se* and *in forma pauperis* action against the United States of America ("Defendant"), pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 ("FTCA"), alleging medical neglect and refusal of care, and the falsification of medical records at the Bureau of Prisons Estill Satellite Camp ("FCI-Estill"). (ECF No. 1-2 at 3.)[1] Plaintiff seeks monetary damages, and also requests a trial in order to expose the above allegations. (*Id*. at 4.)

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pre-trial handling. On November 14, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court dismiss the case without prejudice and without issuance and service of process because Plaintiff had failed to exhaust his administrative remedies prior to filing suit. (ECF No. 21 at 1, 4.) This review considers Plaintiff's Objections to the Report ("Objections")

---

[1] Plaintiff initially filed his Complaint on July 1, 2014. (ECF No. 1.) However, after the court's August 19, 2014 Proper Form Order (ECF No. 4), Plaintiff submitted a court approved Complaint on September 9, 2014. (ECF No. 1-2.). Additionally, in other court documents the Estill Satellite Camp is referred to as the Federal Correctional Institution (FCI) Estill, South Carolina, or the Federal Prison Camp Estill.

filed December 1, 2014. (ECF No. 23.) For the reasons set forth herein, the court **REJECTS** the Magistrate Judge's Report, in light of Plaintiff satisfying his administrative remedies exhaustion requirements, and **REMANDS** this action to the Magistrate Judge for further proceedings consistent with this ruling.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges his neck, back, and knee injuries were neglected by prison medical staff. (ECF No. 1-2 at 3.) In addition to asserting lack of medical care, Plaintiff alleges that his medical records were falsified to mask the seriousness of his condition. (*Id*.) Plaintiff seeks $7,000,000 in monetary damages, and requests a trial in order to expose the alleged fraud and medical negligence. (*Id*. at 4.)

On October 7, 2014, the court filed a Second Proper Form Order (ECF No. 10), granting Plaintiff's Motion to proceed *in forma pauperis* and ordering Plaintiff to respond to attached Interrogatories regarding the FTCA's administrative remedies exhaustion requirements and the Standard Form 95 ("Form 95"). (ECF No. 10-1.) In regard to whether he had submitted a Form 95 to the appropriate federal agency, Plaintiff responded in the negative. (ECF No. 16.)[2]

The Magistrate Judge's November 14 Report found that Plaintiff failed to exhaust the administrative remedies required by the FTCA. (ECF No. 21 at 2.) The Magistrate Judge also found that the administrative exhaustion requirement may not be waived. (*Id*. at 3.)

In response to the Magistrate Judge's Report, Plaintiff filed a timely Objection on December 1, 2014. (ECF No. 23.) In his Objection, Plaintiff asserted that he did file Form 95 with the appropriate federal agency on September 13, 2013, and received a denial letter on March

---

[2] Plaintiff put a checkmark beside "No" for each of the two questions posed in the Interrogatories.

12, 2014 by certified mail.[3]  (*Id.* at 1.)  Plaintiff blames his negative responses to the court's interrogatories (*see* ECF No. 16) on a misunderstanding, and requests the court allow the case to proceed.  (ECF No. 23 at 2.)

## II.  LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02 for the District of South Carolina. The Magistrate Judge's Report is only a recommendation to this court, and has no presumptive weight—the responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made.  *Id*.  The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

Plaintiff filed this complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915, which allows a federal court to proceed with a prisoner's complaint or action without the prepayment of court fees by the prisoner litigant.  28 U.S.C. § 1915(a)(1).  The statute attempts to restrain this privilege, and thus avoid allowing meritless lawsuits to flood the court system, by permitting a court to dismiss the case at any time upon finding that the action fails to state a claim on which relief may be granted.[4]  § 1915(e)(2)(B)(ii).

---

[3] Plaintiff included the completed Form 95 in his Objections (ECF No. 23-1 at 2-3), and the Federal Bureau of Prisons' ("FBP") denial letter (ECF No. 23-1 at 4-6).  The FBP operates under the U.S. Department of Justice.

[4] The statute also allows for a court to dismiss an *in forma pauperis* action for the following reasons: (1) the allegation of poverty is untrue; (2) the action or appeal is frivolous or malicious; and (3) the action or appeal seeks monetary relief from a defendant who is immune from such relief.  § 1915(e)(2)(A)-(B).

3

*Pro se* complaints must be held to a less stringent legal standard than those complaints or proceedings drafted by lawyers, and a *pro se* document should be liberally construed by a federal court. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Technical niceties" should not defeat a meritorious claim when it can be amended to achieve justice. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, while a *pro se* complaint may be entitled to "special judicial solicitude," federal courts are not required to recognize "obscure or extravagant claims." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint will be dismissed, even under the lens of a liberal interpretation, "if it does not allege 'enough facts to state a claim to relief.'" *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)).

Objections to a Report must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b)(2).

### III.  DISCUSSION

District courts shall have "exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945 … for personal injury … caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Here, the court has jurisdiction because Plaintiff is alleging personal injuries by prison medical staff, and is seeking $7,000,000 in damages.

The Magistrate Judge correctly found that Plaintiff could not proceed under the FTCA until his administrative remedies were exhausted, *see* 28 U.S.C. § 2675(a), and pursuant to Plaintiff's response in regard to not sending Form 95 to an appropriate federal agency (ECF No. 16), the

4

Magistrate Judge reasonably believed that Plaintiff had not presented his claim to a federal agency, and thus not satisfied his administrative exhaustion requirements. *See* 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a). However, Plaintiff, in his Objection, presented to the court—for the first time—a previously submitted Form 95 (ECF No. 23-1 at 2-3), and Federal Bureau of Prisons' ("FBP") certified mail response (ECF No. 23-1 at 4-6) to Plaintiff's action. These documents satisfy the FTCA's administrative remedies exhaustion requirements. The court is inclined to agree with Plaintiff's assertion that his initial response to the court's interrogatories was because of a misunderstanding. Not only is this a *pro se* action, but in Plaintiff's initial Complaint (ECF No. 1), he quotes the regional counsel for the FBP (ECF No. 1 at 3), showing that Plaintiff had received a response from the appropriate federal agency before beginning the present action. The court concludes that the Complaint should not be dismissed on the ground of failing to exhaust administrative remedies.

## IV. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **REJECTS** the Magistrate Judge's Report (ECF No. 21), in light of Plaintiff satisfying his administrative remedies exhaustion requirements, and **REMANDS** this matter to the Magistrate Judge for further action consistent with this ruling.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 23, 2017
Columbia, South Carolina